IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:09CR324 |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| DANTE J. VASSER, | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 89. The court ordered the government to respond, Filing No. 90, and it has done so, Filing No. 96. The court further determined that the waiver of attorney-client privilege applies and directed defendant's counsel to file an affidavit addressing the areas necessary to a resolution of this § 2255 petition. Filing No. 94. Glenn Shapiro, previous counsel for the defendant, has filed an affidavit. Filing No. 97-1.

The defendant entered a plea of guilty to a charge of possession with intent to distribute crack cocaine and forfeiture in violation to 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 853, respectively. Filing Nos. 60, 62, and 63. The defendant received a sentence of 72 months of imprisonment. Filing No. 85. In his § 2255 motion, the defendant alleges that he received ineffective assistance of counsel for counsel's failure to file a motion to suppress evidence and for encouraging the defendant to plead guilty instead of going to trial.[1] Defendant believes he would have prevailed if he had gone to trial. The defendant

---

[1] The court notes that defendant has a one-line statement in his § 2255 petition that counsel failed to file a motion to appeal. However, throughout the § 2255 petition, defendant only raises a lack of filing by defense counsel of a motion to suppress and offers nothing with regard to the failure to appeal. Accordingly, the court will address the issues raised by the defendant in the context of the motion to suppress, which is in fact what the court believes defendant intended.

alleges his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution were violated by the hospital and police.

The court conducted a competency hearing in this case. After determining that defendant was competent to stand trial, counsel asked for an extension of time to file pretrial motions. No motions were filed and defendant decided to change his plea to guilty. Counsel contends he met with defendant regarding the evidence against him. The evidence included: (1) video recordings of defendant selling crack to a cooperating individual; (2) evidence that when police arrived at the location of the distribution of the crack, they found the defendant in the back seat of a vehicle with injuries; (3) evidence that medical personnel transported the defendant to the hospital; (4) evidence that would show during treatment, which defendant says involved a catheterization, medical personnel found crack cocaine and cash in defendant's clothes and underwear. Thereafter, medical personnel handed these items over to the police.

Defendant now claims that the police forced him into the emergency vehicle against his will and that he did not want to seek medical attention, as he wanted to heal with prayer. Defense counsel indicates that these claims were not made to him. Filing No. 97-2, Shapiro Aff. ¶ 6. Defense counsel indicates he did not believe any of the defendant's constitutional rights were violated, as the hospital discovered the drugs and money; the police, even if they forced defendant to go to the hospital, did not violate his rights; and, regardless, the crack would be considered at sentencing in any event under relevant conduct. *Id*. at ¶ 7. Defense counsel discussed these issues with defendant in reference to whether to file a motion to suppress. *Id.* Because of these facts, in addition to defendant's criminal history, counsel advised the defendant to plea guilty. This would

potentially allow defendant to receive acceptance of responsibility as well as avoid a potential enhancement for obstruction. *Id.* at ¶ 7-9.

Defendant pleaded guilty before this court and admitted he had discussed the evidence against him with counsel. The court specifically discussed the right to file a motion to suppress and the right to keep illegally obtained evidence from the jury and the right to trial. Defendant stated that he understood these issues and that he would give up the right to challenge them.

At sentencing, the court agreed with counsel that defendant was not a career offender and gave him a three-level reduction for acceptance of responsibility. Further, at the sentencing hearing, the government argued that the court should upwardly depart. The court agreed with defense counsel that the Fair Sentencing Act should apply to this defendant and, as a result, no statutory minimum applied. The court did upwardly depart by four levels, and defendant received a 72-month sentence.

## STANDARD OF REVIEW

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, defendant has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence"; and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish deficient performance on behalf of counsel, defendant must overcome

3

the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 669.  Furthermore, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) *(citing Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)).

## DISCUSSION

The court finds that defendant cannot establish either prong of the *Strickland* test. The court does not believe a motion to suppress would have been successful. *See United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) ("The failure to make a motion to suppress what is essentially the only evidence against a defendant can be sufficient to establish lack of diligence on the part of the attorney if the motion would have succeeded."). First, the Fourth Amendment does not apply to private searches.  Defendant alleges the hospital staff knocked him "unconscious" and then removed his clothes.  Second, there is no allegation that the police directed the staff to undertake any of these actions.  Third, defendant did not previously make these allegations to his defense counsel.

Even if the crack cocaine in Count IV had been suppressed, defendant would most likely have been convicted on any of Counts I, II or III, as they involved controlled buys and there exists videotape of these buys.  Once convicted of any of these counts, arguably all relevant conduct would have been introduced during the sentencing phase. Further, during the plea hearing, the court found that defendant knowingly and voluntarily entered into the plea agreement, and he was aware of his waiver of a motion to suppress.

The court finds the defendant is unable to overcome the presumption of competence as to his counsel in this case. Accordingly, the court will deny defendant's motion for § 2255 relief. Counsel's advice was reasonable given the evidence against the defendant.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for information, Filing No. 102, is denied as moot.

2. Defendant's motion to appoint counsel, Filing No. 91, is denied.

3. Defendant's motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 89, is denied.

4. A separate judgment will be entered in conjunction with this Memorandum and Order.

DATED this 10th day of February, 2012,

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge